1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10

11   UNITED STATES OF AMERICA,                No.  1:17-CR-00198-JLT-SKO

12                Plaintiff,                   ORDER NOTIFYING PETITIONER OF THE
                                              CONSEQUENCES OF RE-
13          v.                                CHARACTERIZING HIS MOTION AS ONE
                                              MADE UNDER 28 U.S.C. § 2255
14   CARLOS MONTANO,
                                              (Doc. 659)
15                Defendant.

16

17

18          On April 18, 2022, Petitioner Carlos Montano filed a *pro se* "Challenge to the Court's

19   'Assumable Jurisdiction' Over the Proper Status to Show Lack of Personal Jurisdiction."  (Doc.

20   659.)  Montano did not state that the motion was made pursuant to Title 28, United

21   States Code, Section 2255 ("§ 2255").  However, the substance of the motion appears to be a

22   challenge to Montano's incarceration on the grounds that the Court lacks jurisdiction over him.

23          Federal courts are empowered to "ignore the legal label that a *pro se* litigant attaches to a

24   motion and recharacterize the motion in order to place it within a different legal category,"

25   including recharacterizing a claim based on "its underlying legal basis."  *Castro v. United States*,

26   540 U.S. 375, 381-82 (2003).  "As a general rule, § 2255 provides the exclusive

27   procedural mechanism by which a federal prisoner may test the legality of detention."  *Harrison*

28   *v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (internal quotation marks and citation omitted).

                                              1

Regardless of the label a petitioner places on a motion, "[a]n application filed in the sentencing court that substantively falls within the scope of Section 2255 is analyzed as a motion under that Section." *United States v. Lizarraras-Chacon*, No. 3:11-CR-00517-HZ-1, 2015 WL 3447908, at *1 (D. Or. May 29, 2015). Montano's challenge is the "type of challenge . . . specifically stated in Section 2255 as a claim properly addressed through a habeas proceeding." *Id.* (citing 28 U.S.C. § 2255(a) ("A prisoner in custody under a sentence ... claiming the right to be released upon the ground that ... the court was without jurisdiction to impose such sentence ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.")).

Before the Court re-characterizes the motion as arising under § 2255, it must caution Montano of its intent to re-characterize the motion and inform him of the consequences of doing so. The Court must also provide Montano "an opportunity to withdraw or amend the motion **so that it contains all the § 2255 claims he believes he has**." *Castro*, 540 U.S. at 383 (emphasis added). In particular, the Court now explicitly cautions Montano that, should the Court re-characterize this motion as one brought pursuant to 28 U.S.C. § 2255, any § 2255 motion that Montano should wish to file in the future will be subject to the restrictions on "second or successive" motions under the Antiterrorism and Effective Death Penalty Act. *Castro*, 540 U.S. at 383.

In this regard, a § 2255 petitioner must present all grounds for relief that he believes he has in one motion, because once the Court rules on the merits of that motion, a second motion may only be filed with the permission of the appropriate appellate court.[1] Finally, the Court now

---

[1] The relevant statutes are 28 U.S.C. §§ 2244(a) and 2255(h). 28 U.S.C. § 2244(a) provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2255(h) provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable

1  explicitly provides Montano with the opportunity to withdraw the pending motion or to amend

2  the motion so that it contains all the § 2255 claims that Petitioner believes he has.  *Id*.

3      Accordingly, the Court **ORDERS** that Montano shall have until **June 17, 2022** to file an

4  appropriate notice or document specifically (1) electing to withdraw the pending motion, **or** (2)

5  amending this motion with any further § 2255 claims, **or** (3) electing to proceed with the

6  understanding that the Court will construe the motion as one brought under § 2255.  The Court

7  additionally cautions Montano that his failure to respond to this order will result in the Court

8  denying the pending motion due to his failure to prosecute.

9

10  IT IS SO ORDERED.

11  Dated:   **April 25, 2022**

UNITED STATES DISTRICT JUDGE

---

27  factfinder would have found the movant guilty of the offense; or

28  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the
Supreme Court, that was previously unavailable.

3