UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS MONTANO,<br><br>Defendant. | No. 1:17-CR-00198-JLT-SKO<br><br>ORDER DEEMING MOTION WITHDRAWN AND DIRECTING CLERK OF COURT TO FORWARD PRISONER CIVIL RIGHTS PACKET TO PETITIONER<br><br>(Doc. 659, 661) |

On April 18, 2022, Petitioner Carlos Montano filed a *pro se* motion entitled "World Habeas Corpus" and bearing the subtitle "Challenge to the Court's 'Assumable Jurisdiction' Over the Proper Status to Show Lack of Personal Jurisdiction." (Doc. 659.) Montano did not state that the motion was made pursuant to Title 28, United States Code, Section 2255 ("§ 2255"). However, as this Court has previously explained to Petitioner in a May 26, 2022 order, the substance of the motion at least arguably appears to be a challenge to Montano's incarceration in connection with the above-captioned matter on the grounds that the Court lacks jurisdiction over him. The Court also previously explained the following:

> As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (internal quotation marks and citation omitted). Regardless of the label a petitioner places on a motion, "[a]n application filed in the

1

sentencing court that substantively falls within the scope of Section 2255 is analyzed as a motion under that Section." *United States v. Lizarraras-Chacon*, No. 3:11-CR-00517-HZ-1, 2015 WL 3447908, at *1 (D. Or. May 29, 2015). Montano's challenge is the "type of challenge . . . specifically stated in Section 2255 as a claim properly addressed through a habeas proceeding." *Id.* (citing 28 U.S.C. § 2255(a) ("A prisoner in custody under a sentence ... claiming the right to be released upon the ground that ... the court was without jurisdiction to impose such sentence ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.")).

(Doc. 660.)

In its May 26, 2022 order, the Court warned Petitioner of its intent to re-characterize his motion as arising under § 2255 and gave Petitioner the options of withdrawing the pending motion or amending the motion so that it contains all the § 2255 claims that Petitioner believes he has.

Rather than electing one of those options, Petitioner responded by filing a document in which he insists his petition is a "civil rights" claim brought pursuant to 28 U.S.C. § 1343(3), which provides federal district courts with jurisdiction over actions brought to "redress the deprivation under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." (*See* Doc. 661 at 2.) The Court construes Petitioner's latest filing as a request to withdraw his motion to the extent it could be construed as one brought under § 2255.

However, the Court will not oblige Petitioner's request to send his filing to the Sacramento Division so that it can be processed as a civil rights case. The filing is not of the proper form to be treated in this manner. A civil case must be opened by the filing of a complaint. *See* Fed. R. Civ. P. 3. Petitioner's filing is instead entitled "World Habeas Corpus" and does not contain the information required of a complaint. (*See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different

types of relief."). Instead, the Court will direct the Clerk of Court to send Petitioner a copy of the Court's "Prisoner Civil Rights Packet," which contains instructions and a copy of the "Civil Rights Complaint by a Prisoner" form.

## CONCLUSION AND ORDER

For the reasons set forth above:

(1) The motion filed April 18, 2022, (Doc. 659), is deemed WITHDRAWN;

(2) The Clerk of Court shall forward Petitioner a copy of the Court's Prisoner Civil Rights Packet.

IT IS SO ORDERED.

Dated:   **June 9, 2022**

UNITED STATES DISTRICT JUDGE